IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:03-CR-019-A |
| | § | (NO. 4:05-CV-270-A) |
| TOMMY FANNIN | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Tommy Fannin under 28
U.S.C. § 2255 to vacate, set aside, or correct sentence.  Having
reviewed the motion, the government's response, and applicable
authorities, the court concludes that the motion should be
denied.

I.

Background

On February 12, 2003, in a two-count indictment, Fannin was
charged in: (1) Count 1, with being a felon in possession of a
firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and
(2) Count 2, with possession with intent to distribute five grams
or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)
and (b)(1)(B)(iii).  On April 25, 2003, he pleaded guilty to
Count 1, and he was sentenced on August 15, 2003,[1] to 188 months
of imprisonment and a three-year term of supervised release.  On
the government's motion, Count 2 was dismissed as to Fannin.  The

_____

[1]The judgment was signed August 19, 2003.

Fifth Circuit affirmed Fannin's sentence, and his § 2255 motion was timely filed.

## II.

### Grounds of the § 2255 Motion

In his § 2255 motion, Fannin lists seven grounds for relief, each of which involves allegations of ineffective assistance of counsel:

1.  "Ground One: Failure to investigate into client's case and contact, locate, and interview potential witnesses in favor and against the defense";

2.  "Ground Two:  Failure to file against Miranda Warning";

3.  "Ground Three:  Failure to notify courts of the conflict between client and counsel; where counsel actively represented the conflict";

4.  "Ground Four:  Failure to file against the search warrant as search warrant affidavits contained fabricated statements and it was because of these fabrications, a search warrant was issued";

5.  "Ground Five:  Counsel failed to raise that the enhancement at sentencing violated the petitioner's Sixth Amendment of the U.S. Constitution 'Right' to a jury trial";

6.  "Ground Six:  Counsel was ineffective on Direct Appeal for not preparing, raising arguments, and using law and

constitution in petitioner's appeal to show petitioner

was being enhanced illegally in violation of law,

statute, and constitution";

7.    "Ground Seven: Counsel was ineffective at the pre-trial

stage for failure to raise Brady and Jencks Act

violations."

Mot. at 7-8(a).

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th

Cir. 1991).  A defendant can challenge his conviction or sentence

after it is presumed final on issues of constitutional or

jurisdictional magnitude only, and may not raise an issue for the

first time on collateral review without showing both "cause" for

his procedural default and "actual prejudice" resulting from the

errors.  Shaid, 937 F.2d at 232.  Section 2255 does not offer

recourse to all who suffer trial errors.  It is reserved for

transgressions of constitutional rights and other narrow injuries

that could not have been raised on direct appeal and would, if

condoned, result in a complete miscarriage of justice.  Id. at 232

n. 7 (citing United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.

3

Unit A Sept. 1981)).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal.  <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).

IV.

<u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on a claim of ineffective assistance of counsel, a petitioner must show: (1) deficiency--that his counsel's performance fell below an objective standard of reasonableness and (2) prejudice--that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 692-93 (1984).  In evaluating a counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689. In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome.  <u>Id.</u> at 694.  Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance.  <u>Id.</u> at 697.  Here, the record is clearly adequate to fairly dispose of the claims of ineffective assistance.  Hence, further inquiry is unnecessary.  <u>Baldwin v. Maggio</u>, 704 F.2d 1325, 1329 (5th Cir. 1983).

V.

Analysis

A.   Failure to Investigate.

In his first ground, Fannin alleges that his counsel did not interview witnesses, despite being provided their names and phone numbers, that would show that a government informant fabricated statements to the police, which statements formed the basis for a search warrant that ultimately led to the confiscation of drugs, firearms, and other evidence against Fannin.  Allegations of a counsel's failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of a defendant's case.  Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000).  Complaints of uncalled witnesses are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative.  Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).  For Fannin "to demonstrate the requisite Strickland prejudice, [he] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified . . . ."  Evans, 285 F.3d at 377 (quoting Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)).

Fannin alleges that he provided counsel with "names and numbers of witnesses that would show that the confidential informant fabricated his statement to the Fort Worth police

5

department."  Mot. at 7; Mem. Supp. Mot. at 4; Br. Supp. Mot. at

12, 17.  However, he identifies only one witness, Gloria Sneed

("Sneed").  In her affidavit, Sneed states:

> That the residence at 5549 Van Natta Lane, Fort Worth,
> Texas, I have never personally witnessed Mr. Fannin in
> possession of any cocaine, or cocaine-based drugs, nor
> have I personally witnessed the selling of any cocaine
> or cocaine-based drugs, inside of the address of the
> abovementioned location.  I was not aware of any drugs
> being at or any drug related activity taking place at
> the above mentioned location until the night of April
> 19, 2002.

Mem. Supp. Mot., Ex. C at 1.  Her statement, even if credible,

indicates only that she was personally unaware of drug-related

activity at the residence; it does not show that the confidential

informant fabricated the statements that formed the basis for the

search warrant.  Nor does it show that the police officer's

reliance on the warrant was not objectively reasonable.  <u>See,

e.g.,</u> <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984) (discussing

the good-faith exception).  Even if the court were to assume that

Fannin's counsel was deficient for failing to interview any

witnesses, Fannin fails to show that he was prejudiced thereby.

B.   <u>Failure to File a Motion to Suppress Based on *Miranda*</u>.

Fannin contends that counsel should have moved to suppress

his confession on the ground that he was not read his <u>Miranda</u>

rights until three hours after he was taken into custody.

<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  However, his

contention is contradicted by the record.

The Supreme Court has stated that "the representations of

the defendant, his lawyer, and the prosecutor at a plea hearing

. . . constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Contrary to the allegations of his motion, Fannin signed a factual résumé which states "[a]fter reading and signing a Miranda warning, thus, waiving his rights, Fannin told the officers there was a firearm in the room he stayed in."  Factual Résumé at 2.  In addition, Fannin testified at sentencing that he signed a waiver of his rights before giving any information to the police officers.  Sentencing Tr. at 16.

Even if the court were to accept the allegations in Fannin's motion, they do not demonstrate that counsel had reason to file a motion to suppress.  In his supporting brief, Fannin states that he was told to "sit down, don't move and shut up," but he identifies no action of the police officers that could be considered custodial interrogation.  Br. Supp. Mot. at 21, 23; See Gladden v. Roach, 864 F.2d 1196, 1198 (5th Cir. 1989) (defining interrogation as "words or actions that the police should know are reasonably likely to elicit incriminating response from a suspect").  Because a lawyer cannot have been deficient for declining to raise frivolous legal issues, Fannin has failed to show his counsel was ineffective for failing to file a motion to suppress based on Miranda.  See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

C.    Failure to Notify the Court of Conflict.

Fannin next contends that his counsel was deficient for failing to notify the court of a conflict between himself and

Fannin.  However, the only conflict identified by Fannin is his counsel's failure to file motions to suppress that, as discussed in section B, <u>supra</u>, and section D, <u>infra</u>, would have been meritless.  He has identified no deficient conduct on the part of his counsel.[2]  <u>Koch</u>, 907 F.2d at 527.

D.   <u>Failure to File Motion to Suppress Based on Fabricated Statements</u>.

     In his fourth ground, Fannin asserts that counsel was deficient for failing to file a motion to suppress on the ground that the confidential informant fabricated the statements that formed the basis for the search warrant.  Fannin's fourth ground is essentially a repetition of the arguments and allegations advanced in Ground One.  For the reasons discussed in section A, <u>supra</u>, Fannin has failed to show that he was prejudiced by any alleged deficiency in counsel's conduct.

E.   <u>Failure to Challenge Sentencing Enhancement</u>.

     In his fifth and sixth grounds, Fannin contends that his counsel was ineffective for failing to argue that Fannin's sentencing enhancement was unconstitutional under <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>.  <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (June 24, 2004);

_____

     [2]In any case, the allegations in Fannin's motion are belied by the record.  Fannin repeatedly indicated that he was satisfied with counsel's representation.  <u>See</u> Plea Agreement at 5, ¶ 11; Rearraignment Tr. at 24; Sentencing Tr. at 24-25.  Moreover, on July 2, 2003, at a hearing on a letter to the court, which the court treated as a motion to discharge counsel, the only problem with counsel identified by Fannin was a problem in reaching counsel by telephone at some point after he entered his guilty plea.

8

United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).
However, Fannin was sentenced within the statutory maximum and
therefore he did not violate Apprendi.  Moreover, neither Blakely
nor Booker was decided until after Fannin's sentence had been
affirmed by the Fifth Circuit.  See Blakely, 124 S. Ct. at 2531;
Booker,125 at 738.  Therefore, Fannin fails to show his counsel
was ineffective.  See Ogan v. Cockrell, 297 F.3d 349, 360 (5th
Cir. 2000) (noting that "counsel is not required to anticipate
subsequent developments in the law").

In Ground Six, Fannin argues that counsel was ineffective on
appeal for: (1) citing the wrong subsection of the Federal
Sentencing Guidelines and (2) failing to argue that Fannin had
not been convicted for a violent felony.  Br. Supp. Mot. at 36-
45.  Neither argument has merit.  Although counsel cited §
4B1.4(B)(3)(b) of the Federal Sentencing Guidelines rather than §
4B1.4(B)(3)(a) in his appellate brief, the Fifth Circuit
identified the correct legal issue and ruled that Fannin's prior
violent felony offenses, which were committed on different
occasions, qualified him as an armed career criminal under 18
U.S.C. § 924(e).  See United States v. Fannin, 94 Fed.Appx. 234,
2004 WL 816431 at *1 (5th Cir.).  Likewise, there is no merit to
Fannin's argument that aggravated robbery is not a violent felony
for the purposes of armed criminal enhancement under § 924(e).
See Tex. Pen. Code Ann. § 29.03; United States v. Munoz, 150 F.3d
401, 419 (5th Cir. 1989).  Therefore, Fannin fails to show that
counsel was ineffective on appeal.

F.   Failure to File Motions Under *Brady* and Jencks Act.

In his seventh ground, Fannin alleges that the government withheld information and that counsel was ineffective for failing to file motions under Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500.

To establish a claim under Brady, Fannin must show that the prosecution suppressed favorable, material evidence.  Burton v. United States, 237 F.3d 490, 492 (5th Cir. 2000).  Fannin argues that the government suppressed exculpatory evidence because it did not produce any.  However, Fannin does not show that any exculpatory evidence existed.

No violation of the Jencks Act can occur until after a government witness testifies under direct examination.  18 U.S.C. § 3500(a).  In this case, there was no direct examination of government witnesses because Fannin plead guilty.  Therefore, the government had no obligation to provide witness statements under the Jencks Act.  Fannin fails to show that counsel's conduct was deficient or that he was prejudiced thereby.

VI.

Conclusion and Order

For the reasons discussed,

The court ORDERS that the above-described motion be, and is hereby, denied.

SIGNED June   7  , 2005.

      /s/ John McBryde
JOHN McBRYDE
United States District Judge

10